# EXHIBIT 1

Electronically Filed
9/26/2023 2:27 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No.11161
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorney for Plaintiff*

CASE NO: A-23-878441-C
Department 11

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA CARMEN RODRIGUEZ, an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| RAISING CANE'S RESTAURANTS, L.L.C. dba RAISING CANE'S; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | **COMPLAINT** |
| Defendants. | |

**COMES NOW** Plaintiff, MARIA CARMEN RODRIGUEZ, by and through her counsel of record, RAMZY PAUL LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendants, and each of them, alleges, amends, and complains as follows:

## JURISDICTION

1.    At all times relevant hereto, Plaintiff was and still is a resident of the State of Nevada.

2.    Upon information and belief, Defendant, RAISING CANE'S RESTAURANTS, L.L.C. dba RAISING CANE'S ("CANES"), was and still is a domestic Limited Liability Company licensed to do business in the State of Nevada.

3.    That at all times relevant herein, Defendants designated as DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, in their true capacities, whether individual,

1    corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who,

2    therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and thereon

3    alleges that each of the Defendants designated as a DOES I through XXX and ROE BUSINESS

4    ENTITIES I through XXX are responsible in some manner for the events and happenings referred

5    to herein, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave

6    of this court to amend this Complaint to insert the true names and capacities of DOES I through

7    XXX and ROE BUSINESS ENTITIES I through XXX, when the same have been ascertained and

8    to join such Defendants in this action.

9                                    **GENERAL ALLEGATIONS**

10        4.    Plaintiff repeats and realleges each and every fact and allegation contained in this

11    Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

12        5.    At all times relevant hereto, particularly on October 4, 2021, Defendants, and each of

13    them, either owned, managed, controlled, maintained, or in some other way was in charge of the

14    public walkways within their premises, located at 4655 W Charleston Blvd., Las Vegas, NV,

15    County of Clark, State of Nevada (hereinafter "subject premises").

16        6.    At all times relevant hereto, Defendants were the agents, servants, and employees of

17    each and every other Defendant and were acting within the course and scope of said employment

18    and agency.

19        7.    At all times relevant hereto, Defendants were the owners, operators, managers,

20    controllers, inspectors, supervisors and controllers of the subject premises and of the common areas

21    of the subject premises.

22        8.    At all times relevant hereto, Plaintiff was an invitee, patron, and/or guest of

23    Defendants subject premises upon which she was legally situated.

24        9.    At all times relevant hereto, Plaintiff, who was an invitee on the subject premises,

25    was walking upon the public walkways within Defendants' premises when she slipped and fell due

26    to the existence of a foreign substance on the ground. Such foreign substance was a dangerous

27    and/or hazardous condition.   Plaintiff suffered serious and substantial injuries that required

28    immediate and subsequent medical attention.  Plaintiff's injuries are a direct and proximate result of

Defendants' negligence, including negligent construction, maintenance, inspection and/or repair of the subject premises, which included, but was not limited to, improperly maintaining the walkway area.

10.    At all times relevant hereto, Defendants and their employee(s) failed to erect the proper warning signs to indicate a dangerous and/or hazardous condition existed on the subject premises.

## FIRST CAUSE OF ACTION
### (Negligence)

11.    Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

12.    At all times relevant hereto, the Defendants, and each of them, were in control of the subject premises and had a duty to properly and safely maintain and inspect the subject premises for the care, safety and protection of those persons present on the subject premises, including Plaintiff.

13.    At all times relevant hereto, Defendants, and each of them, negligently and recklessly maintained and inspected the subject premises so that it was permitted to remain in an unreasonably dangerous condition, presenting a danger to unsuspecting patrons, including Plaintiff.

14.    At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants had notice, actual or constructive, of the dangerous condition, and therefore had full knowledge of, or should have had full knowledge of, the dangerous condition and failed to remedy the dangerous condition or otherwise take action to make it safe or notify patrons of the dangerous condition.

15.    At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining and inspecting the subject premises and further failing to warn Plaintiff of the unreasonably dangerous condition.

16.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person,

all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

17.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

18.     As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(Negligent Hiring, Training, Supervision and Policies/Procedures)**

19.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

20.     Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

  i.     Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

  ii.    Establish and implement property policies and procedures for proper maintenance, repair, inspection and/or upkeep of the subject premises;

  iii.   Establish and implement property policies and procedures for warning patrons, or otherwise warning such patrons, of potentially dangerous conditions;

  iv.    Properly, responsibly and prudently hire employees;

  v.     Properly, responsibly and prudently investigate employees before hiring them;

  vi.    Properly, responsibly and prudently supervise and/or manage employees once they were hired;

vii.    Properly, responsibly and prudently train employees or instruct them as to their duties;

viii.   Properly, responsibly and prudently monitor and regulate the conduct of employees;

ix.    Properly, responsibly and prudently delegate maintenance responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x.    Properly, responsibly and prudently set up mechanisms to ensure that all areas are reasonably kept in proper and safe conditions.

21.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

22.    As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

23.    As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

///

///

///

///

///

///

///

5

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.    For general damages and loss in an amount in excess of fifteen thousand dollars ($15,000.00);

2.    For special damages in an amount to be determined at time of trial;

3.    For economic damages in an amount to be determined at time of trial;

4.    For prejudgment interest, reasonable attorney's fees and costs; and

5.    For such other and further relief as the Court may deem just and proper.

DATED this 25th day of September 2023.

**LADAH LAW FIRM**

*/s/ Carl R. Houston*

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
CARL R. HOUSTON, ESQ.
Nevada Bar No.11161
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

Electronically Filed
10/30/2023 1:35 PM
Steven D. Grierson
CLERK OF THE COURT

1  ANS
JOSH COLE AICKLEN
2  Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
3  DAVID B. AVAKIAN
Nevada Bar No. 009502
4  David.Avakian@lewisbrisbois.com
YILMAZ E. TURKERI
5  Nevada Bar No. 15468
Yilmaz.Turkeri@lewisbrisbois.com
6  LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
7  Las Vegas, Nevada 89118
Telephone: 702.893.3383
8  Facsimile: 702.893.3789

9  Attorneys for Defendant RAISING CANE'S
RESTAURANTS, L.L.C. D/B/A RAISING
10  CANE'S

11                          DISTRICT COURT

12                      CLARK COUNTY, NEVADA

13

14
MARIA CARMEN RODRIGUEZ, an         | Case No. A-23-878441-C
15  individual,
                                   | Dept. No.: 11
16          Plaintiff,
                                   | **DEFENDANT RAISING CANE'S
17      vs.                        | RESTAURANTS, L.L.C. D/B/A RAISING
                                   | CANE'S ANSWER TO PLAINTIFF'S
18  RAISING CANE'S RESTAURANTS,    | COMPLAINT**
L.L.C. D/B/A RAISING CANE'S; DOES I
19  through XXX, inclusive and ROE
BUSINESS ENTITIES I through XXX,
20  inclusive,

21          Defendants.

22

23

24          COMES NOW, Defendant RAISING CANE'S RESTAURANTS, L.L.C. D/B/A

25  RAISING CANE'S (hereinafter, "Defendant"), by and through its counsel of record, Josh

26  Cole Aicklen, Esq., David B. Avakian, Esq., and Yilmaz E. Turkeri, Esq. of the law firm

27  LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its answers to Plaintiff's Complaint

28  on file herein, allege as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1

## JURISDICTION

1.     Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

2.     Answering Paragraph 2 of Plaintiff's Complaint, Defendant states that it is a Louisiana limited liability company and admits the remaining allegations contained within the paragraph.

3.     Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

## GENERAL ALLEGATIONS

4.     Answering Paragraph 4 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 3 and incorporates the same as though fully set forth herein.

5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1

2

1   contained therein and, on that basis, denies them.

2       10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant is without

3   knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

4   contained therein and, on that basis, denies them.

5                          <u>FIRST CAUSE OF ACTION</u>

6                                  **(Negligence)**

7       11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant repeats and

8   realleges its answers to Paragraphs 1 through 10 and incorporates the same as though

9   fully set forth herein.

10      12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without

11  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

12  contained therein and, on that basis, denies them.

13      13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant is without

14  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

15  contained therein and, on that basis, denies them.

16      14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendant is without

17  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

18  contained therein and, on that basis, denies them.

19      15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendant is without

20  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

21  contained therein and, on that basis, denies them.

22      16.    Answering Paragraph 16 of Plaintiff's Complaint, Defendant is without

23  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

24  contained therein and, on that basis, denies them.

25      17.    Answering Paragraph 17 of Plaintiff's Complaint, Defendant is without

26  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

27  contained therein and, on that basis, denies them.

28      18.    Answering Paragraph 18 of Plaintiff's Complaint, Defendant is without

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1                                3

1  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

2  contained therein and, on that basis, denies them.

3  SECOND CAUSE OF ACTION

4  (Negligent Hiring, Training, Supervision and Policies/Procedures)

5        19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendant repeats and

6  realleges its answers to Paragraphs 1 through 18 and incorporates the same as though

7  fully set forth herein.

8        20.     Answering Paragraph 20 of Plaintiff's Complaint, Defendant is without

9  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

10  contained therein and, on that basis, denies them.

11        21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant is without

12  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

13  contained therein and, on that basis, denies them.

14        22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant is without

15  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

16  contained therein and, on that basis, denies them.

17        23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant is without

18  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

19  contained therein and, on that basis, denies them.

20  AFFIRMATIVE DEFENSES

21  FIRST AFFIRMATIVE DEFENSE

22        Any injuries suffered by the Plaintiff were the result of her own negligence, and

23  therefore, Defendant is not responsible to the Plaintiff for any damages. In the event Plaintiff

24  is entitled to any damages, the amount of these damages should be reduced or barred by

25  the comparative fault of Plaintiff and any person whose negligent acts or omissions are

26  imputed to Plaintiff.

27  SECOND AFFIRMATIVE DEFENSE

28        Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1

4

risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by Plaintiff was proximately caused by the negligent or willful acts or omissions of third parties whom Defendant neither controlled nor had the right to control, and were not proximately caused by any acts, omissions or other conduct of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than Defendant was negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Defendant herein shall not be liable for said parties' proportionate share of damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate her loss, injury or damages; accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### SIXTH AFFIRMATIVE DEFENSE

Defendant owed no duties to Plaintiff as alleged and as such cannot be proximately the cause of Plaintiff's damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by applicable statutes of limitations and/or the doctrine of laches and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant further alleges that the Complaint fails to state a claim against Defendant upon which relief can be granted.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1

5

## NINTH AFFIRMATIVE DEFENSE

That any damage claim by Plaintiff is speculative, is not supported by proof, and is not compensable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

Any harm or injury or claim of Plaintiff or cause of action of Plaintiff, as alleged or stated in Plaintiff's Complaint, is barred by the doctrines of estoppel and waiver as to all or part of the claims of Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

All risks and dangers described in Plaintiff's Complaint were open, obvious and known to Plaintiff, negating any duty to warn, and Plaintiff voluntarily assumed said risks and dangers.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all of her administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Honorable Court may not have jurisdiction over this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Pursuant to NRCP Rule 8, Rule 11, and Rule 12, Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1

6

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That Defendant be awarded reasonable attorneys' fees and costs of suit incurred in defending this action;

3. All other and further relief the Court deems just and proper.

DATED this 30th day of October, 2023

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____/s/ David B. Avakian_____
JOSH COLE AICKLEN
Nevada Bar No. 007254
DAVID B. AVAKIAN
Nevada Bar No. 009502
YILMAZ E. TURKERI
Nevada Bar No. 15468
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383

Attorneys for Defendant RAISING CANE'S
RESTAURANTS, L.L.C. D/B/A RAISING
CANE'S

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

2          Pursuant to NRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard

3  & Smith LLP and that on this 30th day of October, 2023, I served a true copy of the

4  **DEFENDANT RAISING CANE'S RESTAURANTS, L.L.C. D/B/A RAISING CANE'S**

5  **ANSWER TO PLAINTIFF'S COMPLAINT** via electronic service as follows:

6
| Ramzy Paul Ladah, Esq. | |
| Carl R. Houston, Esq. | |
| LADAH LAW FIRM | |
| 517 S. Third Street | |
| Las Vegas, NV 89101 | |
| Tel: (702) 252-0055 | |
| Fax: (702) 248-0055 | |
| Email: litigation@ladahlaw.com | |
| Attorneys for Plaintiff | |
| MARIA CARMEN RODRIGUEZ | |

7

8

9

10

11

12

13                          By      /s/ Peggy Kurilla
14                                  An Employee of
15                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131207263.1                                      8

Electronically Filed
11/20/2023 1:02 PM
Steven D. Grierson
CLERK OF THE COURT

RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No. 11161
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA CARMEN RODRIGUEZ, an individual, | Case No.: A-23-878441-C |
| Plaintiff, | Dept. No.: XI |
| vs. | |
| | **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** |
| RAISING CANE'S RESTAURANTS, L.L.C. d/b/a RAISING CANE'S; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| Defendants. | |

**COMES NOW**, Plaintiff, by and through her attorney Carl R. Houston of Ladah Law Firm, hereby requests that the above-entitled matter be exempted from the Court Annexed Arbitration Program pursuant to Nevada Arbitration Rule 5. This matter qualifies for a permissive exemption (NAR 5(b)) because:

☐ case presents significant issues of public policy

☐ case presents unusual circumstances that constitute good cause

■ case involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs

A summary of the facts which support Plaintiff's request for exemption are as follows:

On October 4, 2021, Plaintiff was on Defendants' premises when she slipped and fell due to the existence of a foreign substance on the ground causing injuries to Plaintiff.

///

**PLAINTIFF'S MEDICAL TREATMENT**

As a result of the subject incident, Plaintiff was transported to University Medical Center by MedicWest Ambulance complaining of back and shoulder pain. The impression was musculoskeletal pain.

Starting from October 13, 2021 Plaintiff sought physical therapy from Lyons Physical Therapy and underwent pain management at Nevada Spine Clinic.

Plaintiff underwent MRIs of her lumbar and cervical spine, her left shoulder, and her left knee on November 3, 2021 at Precision Diagnostic Imaging. The images showed a meniscal tear in her left knee, disc bulges and disc herniations of the cervical and lumbar MRIs.

During her pain management treatment, Plaintiff underwent the following procedures at Smoke Ranch Surgery Center:

- 6/10/22 – Bilateral C5-6 transforaminal epidural steroid injection 7 left C6-7 transforaminal epidural steroid injection
- 1/27/22 – Left sided L3-4, L4-5 transforaminal epidural steroid injection, fluoroscopy, epidurogram
- 1/14/22 – Left C5-6, C6-7 transforaminal epidural steroid injection, fluoroscopy, epidurogram

Plaintiff's left knee continued to bother her, so she sought treatment at Al Medical Group and was assessed with unilateral post traumatic osteoarthritis in the left knee and was referred to an orthopedic.

Plaintiff also underwent an MRI of her left knee on February 2, 2023 through Pueblo Medical Imaging which showed large full-thickness radial tear, horizontal tear, and joint effusion.

From March 17, 2023 through May 5, 2023, Plaintiff sought treatment from Extremities Surgical Institute and underwent a plasma injection into her left knee on April 3, 2023.

///

///

///

The following is a list of Plaintiff's post-injury medical specials incurred to date:

| Facility: | Amount: |
|---|---|
| MedicWest Ambulance | $1,205.50 |
| University Medical Center | $TBD |
| Sound Physicians Emergency Medicine | $329.00 |
| Lyons Physical Therapy | $19,195.00 |
| Nevada Spine Clinic | $57,471.75 |
| Precision Diagnostic Imaging | $7,570.00 |
| Smoke Ranch Surgery Center | $22,711.00 |
| Al Medical Group/Redrock Neurology | $4,200.00 |
| Pueblo Medical Imaging | $1,795.00 |
| Las Vegas Pharmacy, Inc. | $1,999.98 |
| Extremities Surgical Institute | $9,258.65 |
| **Total:** | **$125,735.88** |

Plaintiff's general damages are in an amount well in excess of $50,000 and will be determined at trial.

As is evidenced by the serious injuries diagnosed by Plaintiff's healthcare providers, together with the significant past and future medical expenses incurred by Plaintiff, this case clearly has a probable jury award value well in excess of $50,000. Accordingly, and pursuant to NAR 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Further, this request for exemption is timely filed pursuant to the requirements set forth in NAR 5.

Based upon the foregoing, Plaintiff's undersigned counsel certifies pursuant to NRCP Rule 11, this case to be within the exemption marked above, and is aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

///

///

///

///

The Undersigned counsel further certifies pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

**DATED** this 20th day of November 2023.

LADAH LAW FIRM

*/s/ Carl R. Houston*

_____
**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No. 11161
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), on this 20th day of November 2023 a true and complete copy of

**PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** was served on the

following interested parties by the action(s) indicated below:

JOSH COLE AICKLEN
DAVID B. AVAKIAN
YILMAZ E. TURKERI
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600 Las
Vegas, Nevada 89118
*Attorneys for Defendant,*
*Raising Cane's Restaurants, L.L.C.*
*d/b/a Raising Cane's*

Method of Service

☐    **U.S. First Class Mail:** I deposited a true and correct copy of said document(s) via U.S. First Class mail, with postage pre-paid.

☐    **Facsimile:** I caused said document(s) to be transmitted by facsimile transmission. The sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐    **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified above.

☒    **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the Clark County District Court E-Filing system

*/s/ Tressy Kip*
An employee of Ladah Law Firm

Electronically Filed
12/11/2023 2:45 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Maria Rodriguez, Plaintiff(s)

vs.

Raising Cane s Restaurants LLC,

Defendant(s)

CASE NO: A-23-878441-C
DEPT. NO: XI

## COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>November 20, 2023</u>

EXEMPTION FILED BY: <u>  Plaintiff  </u>   OPPOSITION: <u>     No     </u>

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this <u>11th</u> of <u>December</u>, 2023.

_____
ADR COMMISSIONER

1

**ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT**

**NOTICE**

Pursuant to Nevada Arbitration Rule 5(d), you are hereby notified you have 7 days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

   **A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to NEFCR 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

   *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

   ☐  Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2023.

                              /s/    Lisa Kaba_____
                                     ADR COMMISSIONER'S DESIGNEE

**ADR
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

2

Electronically Filed
01/29/2024 3:12 PM

CLERK OF THE COURT

MRSC

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| **MARIA RODRIGUEZ, Plaintiff(s),**<br><br>**vs.**<br><br>**RAISING CANE'S RESTAURANTS, LLC**<br>**Defendant(s).** | **CASE NO:  A-23-878441-C**<br>**DEPT. 11**<br><br>**Date of Hearing:    February 13, 2024**<br>**Time of Hearing:    2:00 p.m.** |

## <u>MANDATORY RULE 16 CONFERENCE ORDER</u>

A Joint Case Conference Report, or at least one Individual Case Conference Report having been filed in this matter, and good cause appearing, the Court will conduct a Rule 16 pretrial/case conference with lead counsel in the above referenced matter to assist in securing the "just, speedy, and inexpensive determination" of this case. *See* NRCP 1, NRCP 16(c)(N), and EDCR 1.90.

One of the purposes for this Rule 16 Pretrial Conference is to discuss the contents of a Scheduling Order, which will issue at the conclusion of the Conference. A Scheduling Order will issue directly from Department 11, pursuant to NRCP 16(b).

At least one of the attorneys for each party who participates in this conference shall have authority to enter into stipulations.

Some of the goals of the conference are to determine the following:

1)      Status of settlement negotiations and the need for specifically identified discovery matters necessary before the parties can enter into a meaningful settlement conference;

2)      Present medical status of Plaintiff, if a personal injury matter;

3)      Specific, itemized amount of Plaintiff's damages to date for every type of action, be it negligence, contract, employment, etc.;

4)      Names and addresses of relevant witnesses not set forth in 16.1 report;

5)      What experts, if any, are needed and a timetable for engaging the same;

6)    Nature and timing of all proposed discovery, including the names and addresses of all persons each party needs to depose before a settlement conference, not all who are required to be deposed before trial;

7)    Simplification of issues;

8)    Alternate dispute resolution techniques which may be applied to the case;

9)    Estimated costs for each party to take case through trial;

10)    Estimated attorneys' hours and fees to take case through trial;

11)    Whether there is any provision by contract or statute which would allow the prevailing attorney to recover some of its attorneys' fees;

12)    Any special case management procedure appropriate to the case;

13)    Scheduling a settlement conference/mediation;

14)    Trial setting; and

15)    Any other matter that may aid in the prompt disposition and resolution of this action.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

A.    **Lead trial counsel MUST** attend the conference and be prepared to discuss the matters stated above and any matter contained in NRCP 16(b)(2) on which the Court may take action at the conference.

B.    If it has not already been done, no later than 5 days prior to the conference, each attorney shall provide the other attorney(s) the following items:

1)    A signed medical release form for each medical provider seen by Plaintiff for the injuries complained of in the complaint, if applicable;

2)    A copy of the declaration page of **every** insurance policy which **might** offer coverage for the alleged injury/damage, if applicable; and

3)    An itemized list of damages known to date.

C.    Each attorney participating must be familiar with, and prepared to discuss all of the issues set forth in NRCP 16.

D.      The conference shall be held in Department 11, on the 11th floor of the Phoenix Building, Courtroom 116, 330 S. 3rd Street, Las Vegas, NV 89101, or via BlueJeans on **FEBRUARY 13, 2024 AT 2:00 PM.**

E.      Plaintiff is responsible for serving a copy of this Order upon counsel for all parties who have not formally appeared in this case as of the date of the filing of this order.

**Failure of any party to participate in good faith in the Mandatory Conference may result in the imposition of sanctions in accordance with NRCP 16 and NRCP 26; and**

**Failure to comply with any provision of this Pretrial Order may result in the imposition of sanctions.**

Dated this 29th day of January, 2024

2BD 419 C25F 8945
Anna Albertson
District Court Judge

---

Bluejeans Information:  https://bluejeans.com/147328257
Meeting ID:  147 328 257
Dial-In Information:  +1.408.419.1715  or  +1.408.915.6290

---

Should you choose to appear via Bluejeans, PLEASE TAKE NOTICE THAT:

- You are required to file advance notice of your intent to appear remotely;
- We ask that you please be online to check in at least ten minutes before your scheduled hearing;
- You accept any and all risk/s for technical issues/malfunctions/difficulties;
- You are expected to have your camera and sound on at the time of your appearance;
- Your name must be displayed at all times;
- You may only log on under one account;
- All courtroom rules and requirements still apply.

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Maria Rodriguez, Plaintiff(s)

vs.

Raising Cane s Restaurants LLC,
Defendant(s)

CASE NO: A-23-878441-C

DEPT. NO.  Department 11

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Mandatory Rule 16 Conference Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 1/29/2024

| | |
|---|---|
| Maceo Butler | Maceo.Butler@lewisbrisbois.com |
| Ramzy Ladah, Esq. | litigation@ladahlaw.com |
| Carl Houston, Esq. | Carl@ladahlaw.com |
| Josh Aicklen | josh.aicklen@lewisbrisbois.com |
| David Avakian | david.avakian@lewisbrisbois.com |
| Misty Pettiford | misty.pettiford@lewisbrisbois.com |
| Tressy Kip | tressy@ladahlaw.com |
| Peggy Kurilla | Peggy.Kurilla@lewisbrisbois.com |
| Yilmaz Turkeri | Yilmaz.Turkeri@lewisbrisbois.com |

Electronically Filed
02/21/2024 11:41 AM

CLERK OF THE COURT

SCHTO

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| **MARIA RODRIGUEZ, Plaintiff(s),**<br><br>vs.<br><br>**RAISING CANE'S RESTAURANTS LLC,** **Defendant(s).** | **CASE NO:  A-23-878441-C**<br><br>**DEPT. 11** |

### *SCHEDULING ORDER AND ORDER SETTING CIVIL JURY TRIAL*

**NATURE OF ACTION:**                    **Negligence – Premises Liability**

**TIME REQUIRED FOR TRIAL:**         **5 – 7 Days**

**TRIAL DATE:**                                 **SEPTEMBER 8, 2025**

**DATES FOR SETTLEMENT CONFERENCE:  N/A**

     The parties herein appeared before the Honorable Judge Albertson in Department 11 of the Eighth Judicial District Court for a Mandatory Rule 16 Discovery Conference, wherein all discovery deadlines were agreed upon and ordered by the Court.  This order may only be amended or modified by further order of the court upon good cause shown,

     **IT IS HEREBY ORDERED:**

1.     All parties shall complete discovery on or before: **MARCH 31, 2025**.

2.     All parties shall file motions to amend pleadings or add parties on or before: **DECEMBER 31, 2024**.

3.     All parties shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before: **DECEMBER 31, 2024**.

4.     All parties shall make rebuttal expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before: **JANUARY 30, 2025**.

5.      All parties shall file dispositive motions on or before:  **APRIL 30, 2025**.

Certain dates may have been changed to bring all deadlines into compliance with N.R.C.P. 16.1.

Unless otherwise directed by the court, all pretrial disclosures pursuant to N.R.C.P. 16.1(a)(3) must be made at least 30 days before trial.

Motions for extensions of discovery shall be made in strict accordance with E.D.C.R. 2.35. The deadline for responding to discovery requests must fall on or before the date discovery closes. A deposition must be completed on or before the date discovery closes, unless leave has been granted by the Discovery Commissioner or District Court.

Unless otherwise ordered, all discovery disputes (except disputes presented at a pre-trial conference or at trial) must first be heard by the Discovery Commissioner.

**IT IS HEREBY FURTHER ORDERED:**

A.      The above entitled case is set for trial on a 5-week stack commencing: **SEPTEMBER 8, 2025 AT 9:30 AM**.

B.      A Status Check: Trial Readiness will be held on:  **JUNE 3, 2025 AT 9:30 AM**.

C.      A Pre-Trial Conference with the designated attorney and/or parties in proper person will be held on **AUGUST 5, 2025 AT 9:30 AM.  ALL TRIAL COUNSEL** should be prepared to advise the court of <u>any potential conflicts they **or their witnesses** have</u> in the five (5) week stack. Furthermore, counsel shall be prepared to discuss all items in E.D.C.R. 2.68.

D.      A Calendar Call will be held on **AUGUST 20, 2025 AT 9:30 AM.  ALL TRIAL COUNSEL** (and any party in proper person) must appear and bring all items listed in E.D.C.R. 2.69. If counsel anticipates the need for audio visual equipment during trial, a request must be submitted to the District Court AV Department prior to the Calendar Call.

E.      The Joint Pre-trial Memorandum must be filed no later than **4:00 PM** on **AUGUST**

**18, 2025**.  EDCR 2.67 must be fully complied with.

F.      Stipulations to continue trial and discovery deadlines must comply with EDCR 2.35. All Stipulations resulting in the continuance of a trial must include an Order and be submitted to Department 11 for signature by the District Court Judge.

G.      All motions in limine shall be filed on or before **JULY 1, 2025**.  Counsel are required to confer, **pursuant to EDCR 2.47**, at least one **week prior** to filing any motion in limine and set forth in a declaration or affidavit what attempts to resolve the matter were made, what was resolved, what was not resolved and the reasons therefore.

H.      Orders shortening time will not be signed except in extreme emergencies**. *AN UPCOMING TRIAL DATE IS NOT AN EXTREME EMERGENCY***

Failure of the designated trial attorney or any party appearing in proper person to appear for any court appearances or to fully comply with EDCR 2.67or this trial Order shall result in any of the following: (1) dismissal of the action (2) default judgment; (3) monetary sanctions; (4) vacation of trial date; and/or any other appropriate remedy or sanction.

Counsel must advise the Court immediately when the case settles or is otherwise resolved prior to trial.  A stipulation which terminates a case by dismissal shall indicate whether a Scheduling Order has been filed and, if a trial date has been set, the date of that trial.

Dated this 21st day of February, 2024

**32F 819 7135 A148**
**Anna Albertson**
**District Court Judge**

Dept. 11 Zoom information on next page.

Join Zoom Meeting
https://clarkcountycourts-us.zoom.us/j/84447186317?pwd=aUF3ekVjZ2RpaDhFL29MMVhaQ1F1Zz09

Meeting ID: 844 4718 6317
Passcode: 394923

Should you choose to appear via Zoom, PLEASE TAKE NOTICE THAT:

- You are required to file advance notice of your intent to appear remotely;
- We ask that you please be online to check in at least ten minutes before your scheduled hearing;
- You accept any and all risk/s for technical issues/malfunctions/difficulties;
- You are expected to have your camera and sound on at the time of your appearance;
- Your name must be displayed at all times;
- You may only log on under one account;
- All courtroom rules and requirements still apply.

**CSERV**

DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| Maria Rodriguez, Plaintiff(s) | CASE NO: A-23-878441-C |
| vs. | DEPT. NO.  Department 11 |
| Raising Cane's Restaurants LLC, Defendant(s) | |

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Scheduling and Trial Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/21/2024

| | |
|---|---|
| Maceo Butler | Maceo.Butler@lewisbrisbois.com |
| Ramzy Ladah, Esq. | litigation@ladahlaw.com |
| Carl Houston, Esq. | Carl@ladahlaw.com |
| Josh Aicklen | josh.aicklen@lewisbrisbois.com |
| David Avakian | david.avakian@lewisbrisbois.com |
| Tressy Kip | tressy@ladahlaw.com |
| Peggy Kurilla | Peggy.Kurilla@lewisbrisbois.com |
| Yilmaz Turkeri | Yilmaz.Turkeri@lewisbrisbois.com |

Electronically Filed
10/17/2024 2:41 PM

*signature*

CLERK OF THE COURT

1 | **SAO**
JOSH COLE AICKLEN
2 | Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
3 | DAVID B. AVAKIAN
Nevada Bar No. 009502
4 | David.Avakian@lewisbrisbois.com
YILMAZ E. TURKERI
5 | Nevada Bar No. 15468
Yilmaz.Turkeri@lewisbrisbois.com
6 | LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
7 | Las Vegas, Nevada 89118
Telephone: 702.893.3383
8 | Facsimile: 702.893.3789

9 | Attorneys for Defendant RAISING CANE'S
RESTAURANTS, L.L.C. D/B/A RAISING
10 | CANE'S

11 | DISTRICT COURT

12 | CLARK COUNTY, NEVADA

13 |

14 |

| | |
|---|---|
| 15 MARIA CARMEN RODRIGUEZ, an individual, | Case No. A-23-878441-C |
| 16 Plaintiff, | Dept. No.: 11 |
| 17 vs. | **CONFIDENTIALITY STIPULATION AND ORDER** |
| 18 RAISING CANE'S RESTAURANTS, L.L.C. D/B/A RAISING CANE'S; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| 21 Defendants. | |

24 |       Certain parties believe that discovery will encompass documents and information

25 | that would not ordinarily be disclosed to the public and that disclosure or misuse of such

26 | materials would cause competitive harm, raise privacy concerns, and violate confidentiality

27 | provisions set forth in various, current contracts binding on the parties.  Accordingly, the

28 | parties have agreed to the entry of this Confidentiality Stipulation and Protective Order

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147380730.1

("Agreed Order") to expedite the flow of discovery materials, preserve the integrity of information that one or more parties believe is confidential, promote the prompt resolution of discovery disputes over confidentiality, facilitate the preservation of materials that may contain confidential information and trade secrets, and prevent breach of the confidential provisions set forth in contracts. For purposes of this Agreed Order, "Confidential Information" shall mean documents or other materials that one or more parties believe to include proprietary information relating to their business, disclosure of which might be harmful. Documents or information designated by one or more parties as "Confidential Information" pursuant to this Agreed Order governing discovery shall be without prejudice to any party's claim, defense or contention, whether relating to discovery issues in this lawsuit or to substantive issues in this or any other lawsuit, that such documents or information do not in fact constitute trade secrets or confidential information.

Notwithstanding the foregoing, the term "Confidential Information" does not include information which (a) is in or becomes a part of the public domain without violation of this Agreed Order by any party to this litigation or their counsel; (b) is customarily provided by any party to this litigation to third parties without restriction on disclosure; (c) was known to a party to this litigation on a non-confidential basis prior to its disclosure to such party or their counsel in this litigation; or (d) is not otherwise subject to a restriction on disclosure and is rightfully obtained by any party or their counsel from a source other than a party in this litigation.

Accordingly, in the interests of justice and to expedite discovery, the parties hereby **STIPULATE AND AGREE** that:

1. **Confidential Information:** To protect trade secrets or other confidential research, development, or commercial information, or other private documents or information, any party or third party may designate documents, information, or testimony as Confidential Information under this Order as follows:

The designation shall be made by clearly stamping or marking any document, including any interrogatory answer or transcript, with the word "CONFIDENTIAL."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Transcripts (or portions thereof) may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (described in paragraphs 3 and 4 below) by instructing the reporter to stamp or mark the transcript (or portions thereof) within ten (10) days after it is received, and shall be treated as Attorneys' Eyes Only Information until the ten (10) day designation period has passed.

In the case of electronically-stored information, a party producing Confidential Information in an electronically-stored format shall stamp the physical medium by which the information is transmitted (e.g. computer tape, computer disk, CD Rom, etc.) as "CONFIDENTIAL." If the party to whom such electronically-stored information is produced shall create any readable report or output from such confidential data, that party shall prominently label each page of such output report as "CONFIDENTIAL."

A party, provider of documents or non-party witness may denominate any response to any written discovery request brief, motion or other material filed with the court, and any appendix, exhibit or document pertaining to such material as Confidential Information by stamping the cover or first page, "CONFIDENTIAL."

Documents produced, or to be produced, by a third-party, including but not limited to personal financial bank records, tax records, or other private documents or information, may be designated as confidential prior to their release through subpoena via a written notice to all parties.

2. **Limited Disclosure and Use of Confidential Information**: A person who received Confidential Information has a duty to preserve confidentiality, shall not make any further disclosure of it except as authorized below or by further order, and shall use it only for purposes of this case or any arbitration or mediation related to this case. A receiving person may make disclosure to the following persons:

A. Attorneys of record for the parties of this litigation;

B. Designated business persons from each of the corporate parties ("Corporate Designees") but only to the extent necessary for the conduct of this action; provided, however, that no Confidential Information shall be revealed to such persons until

1    the conditions detailed in Paragraph 1 have been met;

2           C.    Deposition reporters;

3           D.    Independent experts, investigators, and other consultants retained by

4    counsel; provided, however, that no Confidential Information shall be revealed to such

5    persons until the conditions detailed in Paragraph 1 have been met; provided further,

6    however, that the retained person is not employed during the pendency of the litigation,

7    and has not been employed during the past two (2) years, by a person or entity that

8    competes with the producing party;

9           E.    Associates, secretaries, paralegals, clerical and other employees of

10   the individuals identified in subparagraphs (a), (b), (c) and (d) above, to the extent

11   reasonably necessary to render professional services in the litigation;

12          F.    A deponent during the course of his or her deposition;

13          G.    Any person who is referenced in Confidential Information; provided,

14   however, that no Confidential Information shall be revealed to such persons until the

15   conditions detailed in Paragraph 1 have been met;

16          H.    Witnesses or prospective witnesses in the course of investigation or in

17   preparation for deposition, or at deposition; provided, however, that no Confidential

18   Information shall be revealed to such persons until the conditions detailed in Paragraph 1

19   have been met; and

20          I.    The Court, any arbitrator, mediator or adjudicator and their personnel.

21       3.    **Attorneys' Eyes Only Information**:    A producing party may designate

22   Confidential Information as "Attorneys' Eyes Only" if the party makes a good faith

23   determination that the information threatens significant competitive harm if revealed to an

24   opposing party or other competitor. The designation shall be made in a manner similar to

25   that provided in paragraph 1, using the words "ATTORNEYS' EYES ONLY."

26       4.    **Further Limitations on Disclosure and Use of Attorneys Eyes Only**: Attorneys'

27   Eyes Only Information shall be treated in all respects as "Confidential Information" under

28   this Protective Order. In addition to the protections already contained herein, Attorneys'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147380730.1                                    4

1   Eyes Only Information shall be subject to the following additional restrictions:

2       Attorneys' Eyes Only information shall <u>only</u> be disclosed to those persons listed in

3   paragraph 2(a), (c), (d) - (f) and (i) hereof;

4       Authorized counsel may not communicate or transmit any Attorneys' Eyes Only

5   Information, or the contents of those materials, to any employee, director, agent and/or

6   representative of the parties in this action, including in-house counsel of any corporate

7   party; and

8       If Attorneys' Eyes Only Information is used during a deposition, the party introducing

9   the Attorneys' Eyes Only Information topic shall announce that such a topic or document

10  will be the subject of questions.  All persons not allowed to view or receive such information

11  shall leave the deposition at that time.   The transcript of any questioning regarding

12  Attorneys' Eyes Only Information topics shall be kept separately from the main transcript

13  of the deposition and shall be stamped or marked "ATTORNEYS' EYES ONLY

14  INFORMATION."

15      Any breach of this provision shall entitle the party whose Attorneys' Eyes Only

16  Information was disclosed to seek immediate equitable relief in this Court, in addition to

17  such other sanctions and remedies as may be appropriate.

18      The protection afforded by this paragraph to Attorneys' Eyes Only Information shall

19  be preserved at all pre-trial hearings of this matter, and until further modified by the Court.

20  <u>Submission to Court</u>:  No Confidential Information, whether embodied in physical objects,

21  documents, electronically-stored data, tangible items or the transcription of statements of

22  persons, shall be filed with the Court, unless the producing party consents in writing to such

23  filing, or unless filed in a sealed envelope on which shall be endorsed the caption of the

24  action and a statement substantially in the following form:

25                          **CONFIDENTIAL**

26      This envelope contains documents or information in this case that is subject
        to a Confidentiality Order entered by the Court.  This envelope shall not be
27      opened nor the contents thereof displayed or revealed except by Order of
        Court.  Violation thereof may be regarded as contempt of court.
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A party discharges its obligations under this paragraph by filing a pleading, motion, brief or other papers in two parts and placing the part which contains Confidential Information under seal (will do so by Motion under SRCR 3(1)).  Any courtesy copy delivered to the Court shall be marked: "Courtesy Copy - Original Under Seal."  Similar procedures shall be followed with regard to Attorneys Eyes Only Information.

If any party believes that a designation as Confidential and/or Attorneys' Eyes Only Information as to any document, material or information by any other party or by any witness is unwarranted, it may so inform the designating party or witness in writing.  Upon receipt by the designating party of such written objection, the parties shall negotiate in good faith to resolve their differences.  If, within ten (10) days after such written objection to a designation the parties have failed to reach an agreement, the party objecting to the designation may apply to the Court for a ruling that the designation as to any document, material or information shall not be treated as designated, giving notice to the party or non-party producing the documents.  No disclosure of any documents, material or information designated as Confidential and/or Attorneys' Eyes Only Information shall be made, except in accordance herewith, by the recipient prior to decision by the Court on any such motion. In any proceeding challenging the propriety of the designation of any document, information or materials as Confidential and/or Attorneys' Eyes Only Information, the party, provider of documents or witness who has designated the document, material or information as Confidential and/or Attorneys' Eyes Only Information shall bear the burden of establishing the propriety of that designation.  Until the Court enters an Order changing the designation for any document, material or information, it shall be given "Confidential" or "Attorneys' Eyes Only" (however designated) treatment in accordance with this Order.

Unless otherwise ordered or agreed, neither the termination of this lawsuit nor the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

termination of employment of any person who has had access to any Confidential and/or Attorneys' Eyes Only Information shall relieve such person from the terms of this Order. This Order shall not be deemed a waiver of:

      A.     Any party's right to object to any discovery requests on any ground or to seek a protective order with respect to any such discovery request;

      B.     Any party's right to seek an order compelling discovery with respect to any discovery request;

      C.     Any party's right to object to the admission of any evidence on any ground;

      D.     Any party's right to seek a modification of this Order upon reasonable notice to all other parties; or

      E.     Any party's right to challenge the propriety of the designation of any material as Confidential and/or Attorneys' Eyes Only Information at any time.  Failure of any party to promptly challenge the propriety of such a designation shall not preclude that party's subsequent objection to such designation, a motion by that party to seek a determination as to the propriety of such designation or a motion by that party to otherwise modify the provisions this Order.  The designation by a party that material is Confidential and/or Attorneys' Eyes Only shall not constitute an admission by any other party that the material is confidential.

      5.     **All Confidential and/or Attorneys' Eyes Only Information shall be returned  as follows**:

      Within thirty (30) days after the final determination of this Action, or sooner if agreed to in writing by the parties, all Confidential and Attorneys' Eyes Only Information, including originals, and subject to subparagraph (c) hereof, copies, abstracts or summaries thereof, shall be returned to the attorney for the party producing and providing the material or destroyed by the party receiving such material, and no copies thereof shall be retained by any other person; provided, however, that counsel of record for the parties may keep, in strictest confidence, one copy of any part of the Confidential and Attorneys' Eyes Only

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147380730.1                                     7

Information produced by others that has become part of the official record of this litigation. Such copy shall remain subject to the terms of this Order.

If Confidential and/or Attorneys' Eyes Only Information is furnished to a testifying or consulting expert, investigator, other consultant, or witness, the attorney for the party using such expert, investigator, other consultant, or witness shall have the responsibility of ensuring that all such material, including copies, abstracts and summaries thereof, is returned to the party producing the same or destroyed.

Counsel of record for each party may retain abstracts or summaries of materials, which contain counsel's mental impressions or opinions. Such abstracts or summaries, which contain or refer to Confidential and/or Attorneys' Eyes Only Information, shall, however, remain subject to the terms of this Order.

The parties will cooperate to establish a procedure for the use of information that has been designated Confidential or Attorneys' Eyes Only at trial or during any court hearing. At a minimum, that procedure should mandate that the courtroom is sealed, or that all information which has been designated Confidential or Attorneys' Eyes Only is submitted under seal (will do so by Motion under SRCR 3(1)), and that only the persons set forth in paragraph 2 can be present in the courtroom when any information that has been designated Confidential, or set forth in paragraph 4 can be present in the courtroom when any information that has been designated Attorneys' Eyes Only, is referenced.

If a party to this Stipulation and Order misuses or improperly discloses Confidential and/or Attorneys' Eyes Only Information in violation of this Order, the designating party may seek appropriate sanctions. The party who claims that a violation of this Order has occurred shall have the burden of proof on that issue.

Each party will endeavor to make reasonable efforts to ensure that materials and documents that should bear the Confidential or Attorneys' Eyes Only legend are so labeled in fact. A failure to so designate any document or material shall not be deemed a waiver of the confidentiality protection. In the event a party belatedly determines that any document or material should be designated as confidential under this Stipulation and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Order, such party will so, notify the other party and the other party agrees to accept that

2   notification and arrange to comply with the remaining provisions of this Stipulation and

3   Order to such late designated documents and materials.

4          Any party, persons, and entities obtaining access to Confidential and/or Attorneys'

5   Eyes Only Information under this Confidentiality Stipulation and Protective Order, shall use

6   the information only for preparation and trial of the above-captioned litigation (including

7   appeals and retrials thereof), and shall absolutely not use such information for any other

8   purpose whatsoever, including business, governmental, commercial, or administrative or

9   judicial proceedings.

10         Each party agrees to be bound by the terms of this Confidentiality Stipulation and

11  Protective Order as of the date it is executed, prior to the entry of the Order by the Court.

12  This Confidentiality Stipulation and Protective Order may be executed in any number of

13  counterparts, each of which shall be deemed an original, but all of which taken together

14  shall constitute one instrument.

15  DATED this 17th day of October, 2024.          DATED this 17th day of October, 2024.

16  LADAH LAW FIRM                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

17

18  /s/ Carl Houston                               /s/ Yilmaz E. Turkeri
    _____                 _____
19  Ramzy Paul Ladah, Esq.                          DAVID B. AVAKIAN, ESQ.
    Nevada Bar No. 011405                           Nevada Bar No. 009502
20  Carl Houston, Esq.                              YILMAZ E. TURKERI, ESQ.
    Nevada Bar No. 011161                           Nevada Bar No. 015468
21  517 S. Third Street                             6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, NV 89101                             Las Vegas, Nevada 89118
22  Tel: 702-252-0055                               Tel. 702.893.3383
    Fax: 702-248-0055                               *Attorneys for Defendant*
23  *Attorneys for Plaintiff*                       RAISING CANE'S RESTAURANTS, L.L.C.
    MARIA CARMEN RODRIGUEZ                           D/B/A RAISING CANE'S

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## ORDER

2      Based upon the foregoing stipulation of the parties, and good cause appearing,

3      **IT IS HEREBY ORDERED** that the parties have entered a Confidentiality Stipulation

4 and Protective Order governing production of records set forth herein.

5      **IT IS FURTHER ORDERED** that the parties shall be bound by this agreement, with

6 terms set forth herein in producing discovery documents, electronic data and files.

7      DATED this ___ day of _____, 2024.      **Dated this 17th day of October, 2024**

8

9      _____

10      DISTRICT COURT JUDGE

11 Submitted By:      **5F6 CB5 9658 1746**
**Anna Albertson**
**District Court Judge**

12 LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14
___/s/ Yilmaz E. Turkeri_____
15 DAVID B. AVAKIAN, ESQ.
Nevada Bar No. 009502
16 YILMAZ E. TURKERI, ESQ.
Nevada Bar No. 015468
17 6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
18 *Attorneys for Defendant*
RAISING CANE'S RESTAURANTS, L.L.C.
19 D/B/A RAISING CANE'S

20

21

22

23

24

25

26

27

28

147380730.1                              10

## Kurilla, Peggy

| | |
|---|---|
| **From:** | Carl R. Houston <Carl@ladahlaw.com> |
| **Sent:** | Thursday, October 17, 2024 2:13 PM |
| **To:** | Turkeri, Yilmaz; Tressy Kip |
| **Cc:** | Avakian, David; Butler, Maceo; Kurilla, Peggy |
| **Subject:** | RE: Rodriguez v. Raising Cane's - Discovery |

> EXTERNAL

Yilmaz,

You may attach my e-signature to the Confidentiality Stipulation and Protective Order.

Amenable to extension to 11/7/24.

Regards,

**Carl R. Houston, Esq. " Attorney at Law**



**Ladah Law Building " 517 South Third Street " Las Vegas, Nevada 89101**
**702.252.0055 (p) " 702.790.6600 (direct) " 702.248.0055 (f) " www.ladahlaw.com**

---

**From:** Turkeri, Yilmaz <Yilmaz.Turkeri@lewisbrisbois.com>
**Sent:** Thursday, October 17, 2024 8:59 AM
**To:** Carl R. Houston <Carl@ladahlaw.com>; Tressy Kip <Tressy@ladahlaw.com>
**Cc:** Avakian, David <David.Avakian@lewisbrisbois.com>; Butler, Maceo <Maceo.Butler@lewisbrisbois.com>; Kurilla, Peggy <Peggy.Kurilla@lewisbrisbois.com>
**Subject:** Rodriguez v. Raising Cane's - Discovery

Good morning,

We are in the process of preparing responses to Plaintiff's written discovery. Due to the confidential and proprietary nature of some of the requests, we are requesting that a Confidentiality Stipulation and Protective Order be put into place.

I have attached a proposed version. Please advise if we have permission to use your e-signature and submit to the Court.

Additionally, Defendant's responses to interrogatories and requests for production of documents is currently due on October 24, 2024. Please advise if you will grant us a two-week extension.  The new deadline would be November 7, 2024.

Thank you.

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| Maria Rodriguez, Plaintiff(s) | CASE NO: A-23-878441-C |
| vs. | DEPT. NO.  Department 11 |
| Raising Cane's Restaurants LLC, Defendant(s) | |

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 10/17/2024

| | |
|---|---|
| Maceo Butler | Maceo.Butler@lewisbrisbois.com |
| Ramzy Ladah, Esq. | litigation@ladahlaw.com |
| Carl Houston, Esq. | Carl@ladahlaw.com |
| Josh Aicklen | josh.aicklen@lewisbrisbois.com |
| David Avakian | david.avakian@lewisbrisbois.com |
| Tressy Kip | tressy@ladahlaw.com |
| Peggy Kurilla | Peggy.Kurilla@lewisbrisbois.com |
| Yilmaz Turkeri | Yilmaz.Turkeri@lewisbrisbois.com |

Electronically Filed
12/24/2024 3:39 PM

*[signature]*

CLERK OF THE COURT

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No. 11161
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA CARMEN RODRIGUEZ, an individual, | Case No.: A-23-878441-C |
| Plaintiff, | Dept. No.: XI |
| vs. | |
| RAISING CANE'S RESTAURANTS, L.L.C. d/b/a RAISING CANE'S; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE** |
| | **(First Request)** |
| Defendants. | |

IT IS HEREBY STIPULATED, by and between Plaintiff by and through her undersigned counsel of record and Defendant by and through their undersigned counsels of record, that the discovery be continued in order for the parties to complete the remaining necessary discovery.

Pursuant to EDCR 2.35, the parties hereby submit the following in support of this Stipulation and Order to Extend Discovery Deadlines.

### I.    DISCOVERY COMPLETED TO DATE

1.    The parties conducted the Early Case Conference.

2.    The parties have exchanged their initial disclosures of documents and witnesses pursuant to Rule 16.1(a)(1) of the Nevada Rules of Civil Procedure, and supplements thereto.

3.    The parties have requested and obtained Plaintiff's medical and billing records

**LADAH LAW**
F I R M

allegedly related to the subject incident.

4.      The deposition of Plaintiff has been conducted.

5.      Defendant's independent medical exam of Plaintiff has been conducted.

6.      The Parties have served and responded to discovery requests.

## II.    DISCOVERY THAT REMAINS TO BE COMPLETED

The parties agree that additional discovery is necessary to prepare for trial, including, but not limited to:

1.      Disclosure of Experts/Rebuttal Experts.

2.      Obtain additional medical and billing records of Plaintiff, as necessary.

3.      The depositions of Defendants' 30(b)(6) designees.

4.      Propound additional written discovery, as necessary

5.      Take the deposition of the parties' experts/rebuttal experts, as necessary.

6.      Take the depositions of Plaintiff's treating doctors, as necessary.

7.      Take the depositions of witnesses, as necessary.

8.      Disclose additional medical records, as necessary.

## III.   REASONS WARRANTING EXTENSION OF DISCOVERY DEADLINES

The parties stipulate to the extension of the discovery deadlines in this case. Good cause is shown to extend the discovery deadlines as the deadlines cannot be reasonably met despite the diligence of the parties that seek the extension. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608–09 (9th Cir. 1992). The parties request an extension of the discovery deadlines in order to conduct further discovery as to allow the parties additional time to obtain necessary facts and documents in order to retain appropriate experts and have their experts review these materials with sufficient time to prepare an expert report prior to the deadline. The current initial expert disclosure deadline is December 31, 2024.

Additionally, Plaintiff is the process of filing a motion for leave to amend the complaint to include a new Defendant.

Therefore, the Parties are requesting an additional 60 days to complete discovery/disclose expert/rebuttal expert witnesses.

The original trial date in this matter is scheduled for September 8, 2025 and the discovery continuance will not affect the trial date.

## IV.    DISCOVERY DEADLINES

### A. Current Discovery Deadlines:

- Discovery Cutoff:                                             3/31/25
- Last day to amend pleadings or add parties:      12/31/24
- Last day to disclose initial experts:                   12/31/24
- Last day to disclose rebuttal expert witnesses:   1/30/25
- Last day to file dispositive motions:                    4/30/25

### B. Proposed Extended Discovery Deadlines:

- Discovery Cutoff:                                             5/30/25
- Last day to amend pleadings or add parties:        3/3/25
- Last day to disclose initial experts:                     3/3/25
- Last day to disclose rebuttal expert witnesses:    4/2/25
- Last day to file dispositive motions:                    6/30/25

///

///

///

///

///

///

///

///

///

## V.    THE CURRENT TRIAL DATE

Trial is currently scheduled for September 8, 2025, the discovery extension will not affect the trial date.

DATED this 24th day of December 2024.                DATED this 24th day of December 2024.

**LADAH LAW FIRM**                                   **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Carl R. Houston*                                */s/ Yilmaz E. Turkeri*
_____                    _____
**RAMZY PAUL LADAH, ESQ.**                           **JOSH COLE AICKLEN, ESQ.**
Nevada Bar No. 11405                                 Nevada Bar No. 007254
**CARL R. HOUSTON, ESQ.**                            **DAVID B. AVAKIAN, ESQ.**
Nevada Bar No. 11161                                 Nevada Bar No. 009502
517 S. Third Street                                  **YILMAZ E. TURKERI, ESQ.**
Las Vegas, NV 89101                                  Nevada Bar No. 15468
*Attorneys for Plaintiff*                            6385 S. Rainbow Boulevard, Suite 600
                                                     Las Vegas, Nevada 89118
                                                     *Attorneys for Defendant,*
                                                     *Raising Cane's Restaurants, L.L.C.*
                                                     *d/b/a Raising Cane's*

## ORDER

**IT IS HEREBY ORDERED** that, pursuant to the above stipulation and good cause appearing, the discovery deadlines shall be extended as follows:

- Discovery Cutoff:                                              5/30/25
- Last day to amend pleadings or add parties:                   3/3/25
- Last day to disclose initial experts:                         3/3/25
- Last day to disclose rebuttal expert witnesses:               4/2/25
- Last day to file dispositive motions:                         6/30/25

Trial is currently scheduled for September 8, 2025, the discovery extension will not affect the trial date.

**Dated this 24th day of December, 2024**

_____

**80E B42 D91D F840**
**Anna Albertson**
**District Court Judge**

**Tressy Kip**

| | |
|---|---|
| **From:** | Turkeri, Yilmaz <Yilmaz.Turkeri@lewisbrisbois.com> |
| **Sent:** | Tuesday, December 24, 2024 11:26 AM |
| **To:** | Tressy Kip |
| **Cc:** | Avakian, David; Kurilla, Peggy; Carl R. Houston; Butler, Maceo |
| **Subject:** | RE: Rodriguez vs. Raising Cane's Restaurants - SAO to Continue Discovery |

Hi Tressy,

The date for the current deadline for initial expert disclosures (on Page 3) needs to be updated to 12/31/24.

With that change, you can affix my e-signature.

> **Yilmaz E. Turkeri**
> **Attorney**
> **Yilmaz.Turkeri@lewisbrisbois.com**
>
> **T: 702.693.4311 F: 702.366.9563**

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Tressy Kip <Tressy@ladahlaw.com>
**Sent:** Tuesday, December 24, 2024 11:17 AM
**To:** Turkeri, Yilmaz <Yilmaz.Turkeri@lewisbrisbois.com>
**Cc:** Avakian, David <David.Avakian@lewisbrisbois.com>; Kurilla, Peggy <Peggy.Kurilla@lewisbrisbois.com>; Carl R. Houston <Carl@ladahlaw.com>; Butler, Maceo <Maceo.Butler@lewisbrisbois.com>
**Subject:** RE: Rodriguez vs. Raising Cane's Restaurants - SAO to Continue Discovery

> EXTERNAL

We made changes to the SAO to continue discovery. See attached.

Please let us know if we have permission to use your electronic signature.

Thanks.

1

**Tressy A Kip ◼ Litigation Paralegal**



**Ladah Law Building ◼ 517 South Third Street ◼ Las Vegas, Nevada 89101**
**702.252.0055 (p) ◼ 702-800-3195 (d) ◼ 702.248.0055 (f) ◼ www.ladahlaw.com**

The information in this e-mail is ATTORNEY PRIVILEGED AND CONFIDENTIAL, intended solely for use by the individual or entity named above. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete it. Thank you.

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Maria Rodriguez, Plaintiff(s)

vs.

Raising Cane's Restaurants LLC, Defendant(s)

CASE NO: A-23-878441-C

DEPT. NO.  Department 11

## <u>**AUTOMATED CERTIFICATE OF SERVICE**</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 12/24/2024

| | |
|---|---|
| Maceo Butler | Maceo.Butler@lewisbrisbois.com |
| Ramzy Ladah, Esq. | litigation@ladahlaw.com |
| Carl Houston, Esq. | Carl@ladahlaw.com |
| Josh Aicklen | josh.aicklen@lewisbrisbois.com |
| David Avakian | david.avakian@lewisbrisbois.com |
| Tressy Kip | tressy@ladahlaw.com |
| Peggy Kurilla | Peggy.Kurilla@lewisbrisbois.com |
| Yilmaz Turkeri | Yilmaz.Turkeri@lewisbrisbois.com |
| Georgina Ramos | georgina.ramos@lewisbrisbois.com |

Electronically Filed
02/04/2025 3:00 PM

CLERK OF THE COURT

1  **ORDR**
   **RAMZY P. LADAH, ESQ.**
2  Nevada Bar No. 11405
   **CARL R. HOUSTON, ESQ.**
3  Nevada Bar No. 11161
   **LADAH LAW FIRM**
4  517 S. Third Street
   Las Vegas, NV 89101
5  litigation@ladahlaw.com
   T: 702.252.0055
6  F: 702.248.0055
   *Attorney for Plaintiff*
7

8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  MARIA CARMEN RODRIGUEZ, an            Case No.: A-23-878441-C
    individual,                           Dept. No.: XI
11
                        Plaintiff,
12          vs.
                                          **ORDER**
13  RAISING CANE'S RESTAURANTS, L.L.C.
    d/b/a RAISING CANE'S; DOES I through
14  XXX, inclusive and ROE BUSINESS
    ENTITIES I through XXX, inclusive,
15
16                      Defendants.

17          Plaintiff's Motion For Leave to Amend Complaint to Add Vestis Services, LLC, d/b/a

18  Aramark as a Defendant came on for hearing before this Honorable Court on February 3, 2025, in

19  Chambers.

20          The Court having reviewed the moving papers of the Parties, being fully advised in the

21  premises, and good cause appearing that pursuant to EDCR 2.20(e), the motion is deemed

22  meritorious and therefore:

23          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion For

24  Leave to Amend Complaint to Add Vestis Services, LLC, d/b/a Aramark as a Defendant is

25  GRANTED.

26  ///

27  ///

28  ///

IT IS FURTHERED ORDERED, ADJUDGED, AND DECREED that the Amended Complaint be filed on or before February 28, 2025.

Dated this 4th day of February, 2025

_____

971 A9B D5DC 1240
Anna Albertson
District Court Judge

Submitted by:

Dated this 4th day of February 2025.

**LADAH LAW FIRM**

*/s/ Carl R. Houston*

_____
**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No. 11161
517 S. Third Street
Las Vegas, NV 89101
*Attorney for Plaintiff*

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Maria Rodriguez, Plaintiff(s)

vs.

Raising Cane's Restaurants LLC, Defendant(s)

CASE NO: A-23-878441-C

DEPT. NO.  Department 11

## **AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/4/2025

| | |
|---|---|
| Maceo Butler | Maceo.Butler@lewisbrisbois.com |
| Ramzy Ladah, Esq. | litigation@ladahlaw.com |
| Carl Houston, Esq. | Carl@ladahlaw.com |
| Josh Aicklen | josh.aicklen@lewisbrisbois.com |
| David Avakian | david.avakian@lewisbrisbois.com |
| Tressy Kip | tressy@ladahlaw.com |
| Peggy Kurilla | Peggy.Kurilla@lewisbrisbois.com |
| Yilmaz Turkeri | Yilmaz.Turkeri@lewisbrisbois.com |
| Georgina Ramos | georgina.ramos@lewisbrisbois.com |

Electronically Filed
2/6/2025 3:13 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOMP**
**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No.11161
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorney for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA CARMEN RODRIGUEZ, an individual, | Case No.: A-23-878441-C |
| | Dept. No.: XI |
| Plaintiff, | |
| vs. | |
| RAISING CANE'S RESTAURANTS, L.L.C. dba RAISING CANE'S; VESTIS SERVICES, LLC, d/b/a ARAMARK; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

**COMES NOW** Plaintiff, MARIA CARMEN RODRIGUEZ, by and through her counsel of record, RAMZY PAUL LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendants, and each of them, alleges, amends, and complains as follows:

### JURISDICTION

1.    At all times relevant hereto, Plaintiff was and still is a resident of the State of Nevada.

2.    Upon information and belief, Defendant, RAISING CANE'S RESTAURANTS, L.L.C. dba RAISING CANE'S ("CANES"), was and still is a domestic Limited Liability Company licensed to do business in the State of Nevada.

3.     Upon information and belief, Defendant, VESTIS SERVICES, LLC, d/b/a ARAMARK ("VESTIS"), was and still is a Foreign-Limited Liability Company licensed to do business in the State of Nevada.

4.     That at all times relevant herein, Defendants designated as DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOES I through XXX and ROE BUSINESS ENTITIES I through XXX are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, when the same have been ascertained and to join such Defendants in this action.

## **GENERAL ALLEGATIONS**

5.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

6.     At all times relevant hereto, particularly on October 4, 2021, Defendants, and each of them, either owned, managed, controlled, maintained, or was in some other way responsible for safety of the public walkways within the premises located at 4655 West Charleston Blvd. in Clark County, Nevada ("subject premises").

7.     At all times relevant hereto, Defendants were the suppliers, agents, servants, and employees of each and every other Defendant and acted within the course and scope of said employment and agency.

8.     At all times relevant hereto, Defendants were the owners, operators, managers, controllers, inspectors, supervisors and controllers of the subject premises and of the common areas of the subject premises.

9.     At all times relevant hereto, Plaintiff was an invitee, patron, and/or guest of Defendant Cane's property ("subject premises") upon which she was legally situated.

10.     At all times relevant hereto, Plaintiff, who was an invitee on the subject premises, walked upon the public walkways on the subject premises when she slipped and fell due to a hazardous condition caused by Defendants' collective negligence.  Plaintiff suffered serious and substantial injuries that required immediate and subsequent medical attention.  Plaintiff's injuries are a direct and proximate result of Defendants' negligence, including negligent construction, maintenance, inspection and/or repair of the subject premises, which included, but was not limited to, improper maintenance of the walkway area.

11.     At all times relevant hereto, Defendants and their employee(s) failed to, *inter alia*, warn or otherwise prevent Plaintiff from encountering a dangerous and/or hazardous condition that existed on the subject premises.

### FIRST CAUSE OF ACTION
#### (Negligence)

12.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

13.     At all times relevant hereto, the Defendants, and each of them, were in control of the subject premises and had a duty to properly and safely maintain and inspect the subject premises for the care, safety and protection of those persons present on the subject premises, including Plaintiff.

14.     At all times relevant hereto, Defendants, and each of them, negligently and recklessly maintained and inspected the subject premises so that it was permitted to remain in an unreasonably dangerous condition, presenting a danger to unsuspecting patrons, including Plaintiff.

15.     At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants had notice, actual or constructive, of the dangerous condition, and therefore had full knowledge of, or should have had full knowledge of, the dangerous condition and failed to remedy the dangerous condition or otherwise take action to make it safe or notify patrons of the dangerous condition.

16.     At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining and

3

1   inspecting the subject premises and further failing to warn Plaintiff of the unreasonably dangerous

2   condition.

3       17.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff

4   was injured in her health, strength and activity, sustaining shock and injury to her body and person,

5   all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous

6   pain and suffering.

7       18.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff

8   has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and

9   loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is

10  currently in excess of $15,000.00; such expenses and losses will continue in the future, all to

11  Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave of

12  Court to insert all said damages herein when the same have been fully ascertained.

13      19.    As a result of Defendants' aforesaid negligent actions, it has been necessary for

14  Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover

15  reasonable attorneys' fees and costs.

16                    **SECOND CAUSE OF ACTION**
                **(Negligent Hiring, Training, Supervision and Policies/Procedures)**

17      20.    Plaintiff repeats and realleges each and every fact and allegation contained in this

18  Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

19      21.    Defendants, and each of them, acted negligently, among other reasons in failing to

20  do the following:

21      i.     Establish and implement proper policies and procedures for employees, staff and

22             agents working for Defendants;

23      ii.    Establish and implement property policies and procedures for proper maintenance,

24             repair, inspection and/or upkeep of the subject premises;

25      iii.   Establish and implement property policies and procedures for warning patrons, or

26             otherwise warning such patrons, of potentially dangerous conditions;

27      iv.    Properly, responsibly and prudently hire employees;

28

4

v.      Properly, responsibly and prudently investigate employees before hiring them;

vi.     Properly, responsibly and prudently supervise and/or manage employees once they were hired;

vii.    Properly, responsibly and prudently train employees or instruct them as to their duties;

viii.   Properly, responsibly and prudently monitor and regulate the conduct of employees;

ix.     Properly, responsibly and prudently delegate maintenance responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x.      Properly, responsibly and prudently set up mechanisms to ensure that all areas are reasonably kept in proper and safe conditions.

22.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

23.    As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

24.    As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

///

///

///

///

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.      For general damages and loss in an amount in excess of fifteen thousand dollars ($15,000.00);

2.      For special damages in an amount to be determined at time of trial;

3.      For economic damages in an amount to be determined at time of trial;

4.      For prejudgment interest, reasonable attorney's fees and costs; and

5.      For such other and further relief as the Court may deem just and proper.

DATED this 3rd day of January 2025.

**LADAH LAW FIRM**

*/s/ Carl R. Houston*

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
CARL R. HOUSTON, ESQ.
Nevada Bar No.11161
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

6

Electronically Filed
2/20/2025 9:04 AM
Steven D. Grierson
CLERK OF THE COURT

1 ANS
JOSH COLE AICKLEN
2 Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
3 DAVID B. AVAKIAN
Nevada Bar No. 009502
4 David.Avakian@lewisbrisbois.com
YILMAZ E. TURKERI
5 Nevada Bar No. 15468
Yilmaz.Turkeri@lewisbrisbois.com
6 LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
7 Las Vegas, Nevada 89118
Telephone: 702.893.3383
8 Facsimile: 702.893.3789

9 Attorneys for Defendant RAISING CANE'S
RESTAURANTS, L.L.C. D/B/A RAISING
10 CANE'S

11

## DISTRICT COURT

12

## CLARK COUNTY, NEVADA

13

14

15 MARIA CARMEN RODRIGUEZ, an individual,

16                 Plaintiff,

17         vs.

18 RAISING CANE'S RESTAURANTS,
L.L.C. D/B/A RAISING CANE'S; VESTIS
19 SERVICES, LLC, d/b/a ARAMARK; DOES
I through XXX, inclusive and ROE
20 BUSINESS ENTITIES I through XXX,
inclusive,

21

22                 Defendants.

Case No. A-23-878441-C

Dept. No.: 11

**DEFENDANT RAISING CANE'S RESTAURANTS, L.L.C. D/B/A RAISING CANE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

23

24         COMES NOW, Defendant RAISING CANE'S RESTAURANTS, L.L.C. D/B/A

25 RAISING CANE'S (hereinafter, "Defendant"), by and through its counsel of record, Josh

26 Cole Aicklen, Esq., David B. Avakian, Esq., and Yilmaz E. Turkeri, Esq. of the law firm

27 LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its answers to Plaintiff's First

28 Amended Complaint on file herein, allege as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1

## JURISDICTION

1.      Answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

2.      Answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendant states that it is a Louisiana limited liability company and admits the remaining allegations contained within the paragraph.

3.      Answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

4.      Answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

## GENERAL ALLEGATIONS

5.      Answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 4 and incorporates the same as though fully set forth herein.

6.      Answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

7.      Answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

8.      Answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies them.

9.      Answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1

2

1    allegations contained therein and, on that basis, denies them.

2        10.    Answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendant

3    is without knowledge or information sufficient to form a belief as to the truth or falsity of the

4    allegations contained therein and, on that basis, denies them.

5        11.    Answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendant

6    is without knowledge or information sufficient to form a belief as to the truth or falsity of the

7    allegations contained therein and, on that basis, denies them.

8                              <u>FIRST CAUSE OF ACTION</u>

9                                    <u>(Negligence)</u>

10       12.    Answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendant

11   repeats and realleges its answers to Paragraphs 1 through 11 and incorporates the same

12   as though fully set forth herein.

13       13.    Answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendant

14   is without knowledge or information sufficient to form a belief as to the truth or falsity of the

15   allegations contained therein and, on that basis, denies them.

16       14.    Answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendant

17   is without knowledge or information sufficient to form a belief as to the truth or falsity of the

18   allegations contained therein and, on that basis, denies them.

19       15.    Answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendant

20   is without knowledge or information sufficient to form a belief as to the truth or falsity of the

21   allegations contained therein and, on that basis, denies them.

22       16.    Answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendant

23   is without knowledge or information sufficient to form a belief as to the truth or falsity of the

24   allegations contained therein and, on that basis, denies them.

25       17.    Answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendant

26   is without knowledge or information sufficient to form a belief as to the truth or falsity of the

27   allegations contained therein and, on that basis, denies them.

28       18.    Answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1                                   3

1 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

2 allegations contained therein and, on that basis, denies them.

3      19.    Answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendant

4 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

5 allegations contained therein and, on that basis, denies them.

6 **SECOND CAUSE OF ACTION**

7 **(Negligent Hiring, Training, Supervision and Policies/Procedures)**

8      20.    Answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendant

9 repeats and realleges its answers to Paragraphs 1 through 19 and incorporates the same

10 as though fully set forth herein.

11      21.    Answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendant

12 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

13 allegations contained therein and, on that basis, denies them.

14      22.    Answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendant

15 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

16 allegations contained therein and, on that basis, denies them.

17      23.    Answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendant

18 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

19 allegations contained therein and, on that basis, denies them.

20      24.    Answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendant

21 is without knowledge or information sufficient to form a belief as to the truth or falsity of the

22 allegations contained therein and, on that basis, denies them.

23 **AFFIRMATIVE DEFENSES**

24 **FIRST AFFIRMATIVE DEFENSE**

25     Any injuries suffered by the Plaintiff were the result of her own negligence, and

26 therefore, Defendant is not responsible to the Plaintiff for any damages. In the event Plaintiff

27 is entitled to any damages, the amount of these damages should be reduced or barred by

28 the comparative fault of Plaintiff and any person whose negligent acts or omissions are



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1

1  imputed to Plaintiff.

2  **SECOND AFFIRMATIVE DEFENSE**

3  Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the

4  risks and hazards, if any, referred to in the First Amended Complaint and each alleged

5  cause of action, and this undertaking proximately caused and contributed to any loss, injury

6  or damages incurred by Plaintiff.

7  **THIRD AFFIRMATIVE DEFENSE**

8  Any loss, injury or damage incurred by Plaintiff was proximately caused by the

9  negligent or willful acts or omissions of third parties whom Defendant neither controlled nor

10  had the right to control, and were not proximately caused by any acts, omissions or other

11  conduct of Defendant.

12  **FOURTH AFFIRMATIVE DEFENSE**

13  Defendant alleges that at the time of the injuries alleged in the First Amended

14  Complaint, parties other than Defendant was negligent in and about the matters referred to

15  in said First Amended Complaint, and that such negligence on the part of said parties

16  proximately and concurrently contributed to any loss or damage, including non-economic

17  damages, complained of by Plaintiff, if any there were; and that Defendant herein shall not

18  be liable for said parties' proportionate share of damages.

19  **FIFTH AFFIRMATIVE DEFENSE**

20  Plaintiff failed to exercise due diligence to mitigate her loss, injury or damages;

21  accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced

22  by the amount of damages which would have otherwise been mitigated.

23  **SIXTH AFFIRMATIVE DEFENSE**

24  Defendant owed no duties to Plaintiff as alleged and as such cannot be proximately

25  the cause of Plaintiff's damages.

26  **SEVENTH AFFIRMATIVE DEFENSE**

27  Plaintiff's First Amended Complaint is barred by applicable statutes of limitations

28  and/or the doctrine of laches and unclean hands.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1                                    5

### EIGHTH AFFIRMATIVE DEFENSE

Defendant further alleges that the First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

That any damage claim by Plaintiff is speculative, is not supported by proof, and is not compensable as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Any harm or injury or claim of Plaintiff or cause of action of Plaintiff, as alleged or stated in Plaintiff's First Amended Complaint, is barred by the doctrines of estoppel and waiver as to all or part of the claims of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

All risks and dangers described in Plaintiff's First Amended Complaint were open, obvious and known to Plaintiff, negating any duty to warn, and Plaintiff voluntarily assumed said risks and dangers.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all of her administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

This Honorable Court may not have jurisdiction over this answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Pursuant to NRCP Rule 8, Rule 11, and Rule 12, Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1

6

1

## PRAYER FOR RELIEF

2    **WHEREFORE**, Defendant prays for judgment as follows:

3    1. That Plaintiff take nothing by way of her First Amended Complaint;

4    2. That Defendant be awarded reasonable attorneys' fees and costs of suit incurred

5    in defending this action;

6    3. All other and further relief the Court deems just and proper.

7    DATED this 20th day of February, 2025

8                                 Respectfully Submitted,

9                                 LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11

12                    By        /s/ David B. Avakian
                                JOSH COLE AICKLEN
13                              Nevada Bar No. 007254
                                DAVID B. AVAKIAN
14                              Nevada Bar No. 009502
                                YILMAZ E. TURKERI
15                              Nevada Bar No. 15468
                                6385 S. Rainbow Boulevard, Suite 600
16                              Las Vegas, Nevada 89118
                                Tel. 702.893.3383
17

18                              Attorneys for Defendant RAISING CANE'S
                                RESTAURANTS, L.L.C. D/B/A RAISING
19                              CANE'S

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

   Pursuant to NRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP and that on this 20th day of February, 2025, I served a true copy of the **DEFENDANT RAISING CANE'S RESTAURANTS, L.L.C. D/B/A RAISING CANE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via electronic service as follows:

| | |
|---|---|
| Ramzy Paul Ladah, Esq. <br> Carl R. Houston, Esq. <br> LADAH LAW FIRM <br> 517 S. Third Street <br> Las Vegas, NV 89101 <br> Tel: (702) 252-0055 <br> Fax: (702) 248-0055 <br> Email: litigation@ladahlaw.com <br> Attorneys for Plaintiff <br> MARIA CARMEN RODRIGUEZ | |

       By   /s/ Peggy Kurilla
           An Employee of
           LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

152633597.1

8

Electronically Filed
2/27/2025 9:24 AM
Steven D. Grierson
CLERK OF THE COURT

# IN THE EIGHTH JUDICIAL DISTRICT COURT
## IN AND FOR THE COUNTY OF CLARK

MARIA CARMEN RODRIGUEZ,
        Plaintiff(s),

VS.

        CASE NO:   **A-23-878441-C**

RAISING CANE'S RESTAURANTS, L.L.C. ET AL.,
        Defendant(s),

DECLARATION OF SERVICE

ss.:

**Samantha Curl**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **CIVIL SUMMONS; FIRST AMENDED COMPLAINT** On 2/14/2025 and served the same on 2/14/2025 at 2:55 PM by delivery and leaving a copy with:

**Ana Gomes - Administration Assistant**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of C T CORPORATION SYSTEM, registered agent for VESTIS SERVICES, LLC, D/B/A ARAMARK, at the registered address of:

**701 S Carson St Ste 200, Carson City, NV 89701-5239**

**A description of Ana Gomes is as follows**

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Brown | 36 - 40 | 5'7 - 6'0 | 281-300 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF WASHOE

Executed on: 2/18/2025
by Samantha Curl
Registration: R-2022-02620

No notary is required per NRS 53.045



X _____
Samantha Curl
Registration#: R-2022-02620
LEGAL WINGS INC
1118 Fremont St
Las Vegas, NV 891015406
(702) 384-0305



Order#: R192785 NVPRF411